IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LANCE RAY,

   Plaintiff

vs.

DR. SHARON LEWIS, *et al.*,   NO. 5:11-CV-124 (CAR)

   Defendants   **O R D E R**

  Plaintiff **LANCE RAY**, currently an inmate at Wilcox State Prison ("WSP"), filed the above-captioned *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint (Doc. 1), with his supplements thereto (Docs. 14, 18), are now before the Court for a screening under 28 U.S.C. § 1915A.

  As previously noted, Plaintiff has paid the initial partial filing fee of $13.17. Under 28 U.S.C. § 1915(b), the prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $336.83 balance of the filing fee has been paid in full. The Clerk of Court is directed to send a copy of this Order to the business manager of WSP.

*I. STANDARD OF REVIEW*

  Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or

employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff brings this action alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment at Hancock State Prison ("HSP"), where Plaintiff was previously confined. Plaintiff's allegations are described in detail in this Court's Orders dated July 13, 2011 (Doc. 13), and October 26, 2011 (Doc. 15). In the October 26th Order, the Court noted that Plaintiff's allegations, including those in his initial supplement, appeared to fail to state a claim against the named Defendants. The Court nevertheless gave Plaintiff a second opportunity to supplement his complaint to state specifically how each of the named Defendants violated Plaintiff's Eighth Amendment rights. The Court specifically directed Plaintiff to provide additional facts regarding the Defendants' alleged failure to provide physical therapy to Plaintiff. Finally, the Court directed Plaintiff to correct any factual inaccuracies in the October 26th Order.

Plaintiff names the following individuals as Defendants: (1) Sharon Lewis, "Medical Director of GDC"; (2) Joann Hundley, Deputy Warden of Hancock State Prison; (3) Ricky

Myrick, "Director, Office of Investigations and Compliance"; (4) Dr. Meressee; and (5) Dr. Butts.

### III. DISCUSSION

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment." To show that a prison official acted with deliberate indifference, a plaintiff must demonstrate: "(1) a serious medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.* 588 F.3d 1291, 1306-07 (11th Cir. 2009). "Deliberate indifference" has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

For medical treatment to rise to the level of an Eighth Amendment violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991) (citation omitted). The mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice cognizable under state law. *Id; see also Howell v. Evans*, 922 F.2d 712 (11th Cir.), *vacated as moot*, 931 F.2d 711 (1991), *reinstated by unpublished order, sub. nom Howell v. Burden*, 12 F.3d 190, 191 (1994).

In his second supplement, Plaintiff makes only summary and generalized allegations about the Defendants' alleged failure to provide medical care. Plaintiff appears to name three

Defendants (Lewis, Hundley, and Myrick) merely because their names or signatures appeared in the responses to Plaintiff's grievances or grievance appeals.

Although the accident that resulted in Plaintiff's need for medical treatment was unfortunate, Plaintiff's continued generalized allegations are simply insufficient to support an Eighth Amendment claim under the above-described standard. As detailed in this Court's October 26th Order, which Plaintiff did not attempt to correct, Plaintiff has received extensive medical treatment, including two surgeries at outside hospitals and at least two visits with outside physicians. The care Plaintiff received thus certainly does not "shock the conscience." Particularly significant is Plaintiff's failure even to mention physical therapy in his second supplement, despite the Court's specific instruction that he address this issue.

Plaintiff similarly fails to state a claim to the extent he names certain Defendants due to their involvement in the grievance process. Merely "filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." ***Owens v. Leavins,*** 2006 WL 1313192, at *2 (N.D. Fla. May 12, 2006); ***see also O'Connor v. Carnahan***, 2011 WL 1326446 *4 (N.D. Fla. Apr. 6, 2011) (citations omitted) ("Prison officials . . . whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983.").

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

**SO ORDERED**, this 15th day of December, 2011.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr